UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DONALD RAY REYNOLDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:19-MC-9-TAV-HBG |
| J.R. BELL, ET AL., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On August 8, 2019, the Court entered an order requiring Plaintiff to pay the $400 filing fee or submit a completed *in forma pauperis* application within twenty-one (21) days of entry of the order [Doc. 6]. The Court warned Plaintiff that failure to comply with the order would result in the dismissal of this action [*Id.* at 3]. More than twenty-one (21) days have passed, and Plaintiff has not complied with the order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with . . . any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik,* 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b): (1) whether the plaintiff's failure is due to willfulness, bad faith, or fault; (2) whether the defendant was prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to

cooperate could lead to dismissal; and (4) whether less drastic sanctions ought to be imposed before dismissal is ordered. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is a federal inmate who has not attempted to communicate with the Court in this case in approximately three (3) months.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE